UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLO CUP OPERATING CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LOLLICUP USA INC.,<br><br>    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK**
**INFRINGEMENT AND UNFAIR COMPETITION**

Solo Cup Operating Corporation ("Plaintiff") files this Complaint against Defendant Lollicup USA Inc., ("LOLLICUP"), and alleges as follows:

**Nature of the Action**

1. This Complaint seeks injunctive relief and damages for the Defendant's infringement of Plaintiff's product-configuration trademark rights for its Traveler hot-cup lid ("Plaintiff's Configuration Mark") and Plaintiff's U.S. Trademark Registration 3,284,076 (the "Traveler® Registration" – **Exhibits 1 and 2**), pursuant to 15 U.S.C. Section 1114 (Count I), federal unfair competition pursuant to 15 U.S.C. Section 1125(a) (Count II), violation of Illinois Uniform Deceptive Trade Practice Act (Count III), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV).

**The Parties**

2.	Plaintiff, Solo Cup Operating Corporation, an affiliate company of Dart Container Corporation, is a Delaware corporation, with a business address of 7575 S. Kostner Ave., Chicago, Illinois 60652, and operates business that includes the manufacture and sale of disposable serving ware products such as disposable cups and lids.

3.	Upon information and belief, Lollicup USA Inc., ("LOLLICUP") is a California company with a business address at 6185 Kimball Avenue, Chino, California 91708, that, *inter alia*, manufactures, and advertises, sells in the United States, hot-cup lid products such as the accused products identified in this Complaint, under the name of "Karat."

**Jurisdiction and Venue**

4.	Counts I and II of this action arise under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court has subject matter jurisdiction over the federal statutory claim of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the state law claims pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

5.	This Court has personal jurisdiction over Defendant based at least upon the fact that the infringement alleged herein has occurred, and continues to occur, within this District, by Defendant's advertisement, importation and sale of products that infringe Plaintiff's Traveler® Configuration Mark and the Traveler® Lid Registration.

6.	Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

**Background and Facts Related to this Action**

7.	Plaintiff is a global manufacturer and supplier of food and beverage container products, including distinctive hot-cup lids marketed under the product name Traveler®, which have the appearance of Plaintiff's distinctive Traveler® Lid Configuration Mark as shown in

2

**Exhibit 2** and covered by the Traveler Registration (**Exhibit 1**). For over 30 years, Plaintiff has marketed its Traveler® lids essentially unchanged in appearance, and Plaintiff has developed substantial trademark rights in the Traveler Configuration Mark. As evidenced by Plaintiff's Traveler® Lid Registration, Plaintiff has the exclusive right to use in commerce in the United States the product configuration shown in the Traveler® Lid Registration for the goods identified – namely, plastic cup lids.

8. On information and belief, Defendant imports, advertises and sells hot-cup lid products in the United States and within this District, including the lid products labeled "Karat" that are identified as the Accused Products as shown in **Exhibit 3**.

9. On information and belief, Defendant has marketed and/or sold the Accused Products through display and promotional advertisement at trade shows in the United States, including trade shows within this District such as the 2016 National Restaurant Association trade show held in McCormick Place in Chicago, Illinois.

10. Defendant has also used in its advertisement of the Accused Products, a promotional drawing of a hot-cup lid that is identical and/or confusingly similar to Plaintiff's Traveler Lid Registration, including the image reproduced below used by Defendant in advertisement of its Karat "Sipper Dome Lid" of **Exhibit 4**:



3

11. Defendant's advertisement and sale of the Accused Products, which have a product configuration and appearance identical to or substantially the same as that which is covered by Plaintiff's Traveler® Lid Registration, is likely to deceive customers and the public. Accordingly, Defendant's Accused Products infringe Plaintiff's trademark rights of its Traveler® Lid Configuration Mark and Traveler® Lid Registration, and cause irreparable and monetary harm to Plaintiff and its registered trademark rights. The likeness of the Accused Products to Plaintiff's trademark rights is depicted in the comparison below:

| Solo Cup Registered Configuration | Defendant's Accused Product |
|---|---|
|  | |

12. On information and belief, Defendant's marketing and distribution of the Accused Products has been, and continues to be, willful and with the intent to benefit from Plaintiff's popular product configuration covered by Plaintiff's Traveler® Registration.

4

## CAUSES OF ACTION

### COUNT I – Federal Trademark Infringement Under 15 U.S.C. §1114(1)(a)

13. Plaintiff re-alleges and incorporates herein paragraphs 1 through 12 of this Complaint.

14. Pursuant to 15 U.S.C. §1072, Defendant had constructive notice (and, upon information and belief, actual notice) of Plaintiff's ownership of and rights in its Traveler Registration, during the time Defendant has been manufacturing and selling the Accused Products.

15. Defendant has deliberately and willfully used a product configuration identical to, or substantially the same as, Plaintiff's Traveler® Lid Configuration Mark covered by its Traveler® Registration in an attempt by Defendant to trade upon and/or diminish the widespread goodwill, reputation and selling power established by Plaintiff under its mark and to pass Defendant's products off as those of Plaintiff.

16. Plaintiff has not consented to Defendant's use of Plaintiff's trademark rights covered by the Traveler Registration.

17. Defendant's unauthorized use of counterfeit hot cup lid products is likely to cause confusion, mistake or deception with Plaintiff's hot cup lids covered by the Traveler® Registration in violation of 15 U.S.C. § 1114.

18. The intentional and willful nature of the aforementioned acts renders this violation subject to enhanced or statutory damages and an exceptional case under 15 U.S.C. § 1117.

19. As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm, constituting an injury for which

Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendant.

**COUNT II – Federal Unfair Competition (15 U.S.C. §1125(a))**

20. Plaintiff re-alleges and incorporates herein paragraphs 1 through 19 of this Complaint.

21. On information and belief, Defendant has deliberately and willfully used Plaintiff's Traveler® Lid Configuration Mark covered by its Traveler® Registration in an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power established by Plaintiff in connection with its hot cup lid products in the United States, and to confuse consumers as to the origin and sponsorship of Defendant's goods.

22. Defendant's unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its goods marketed with its Traveler® Lid Configuration Mark covered by its Traveler® Registration, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

23. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's products with Plaintiff, and as to the origin, sponsorship or approval of Defendant's products, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

24. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. §1117(a).

25. As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which

Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of the Defendant.

### **COUNT III – Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)**

26. Plaintiff re-alleges and incorporates herein paragraphs 1 through 25 of this Complaint.

27. At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect in Illinois.

28. Defendant's unauthorized use of Plaintiff's Traveler® Lid Configuration Mark covered by its Traveler® Registration has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Lid Products.

29. Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2). As a result of such conduct, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

30. In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined.

31. Plaintiff is entitled to entry of permanent injunctive relief prohibiting Defendant from its unauthorized use of the Traveler® Lid Configuration Mark covered by its Traveler® Registration in violation of the Illinois Uniform Deceptive Trade Practices Act.

32. Defendant's willful conduct entitles Plaintiff to a recovery of its attorney fees.

## COUNT IV – Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505)

33. Plaintiff re-alleges and incorporates herein paragraphs 1 through 32 of this Complaint.

34. At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect in Illinois.

35. Each of Defendant's unauthorized use of Plaintiff's Traveler® Lid Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Lid Products.

36. Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505). As a result of such conduct, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

37. In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined.

38. Plaintiff is entitled to entry of permanent injunctive relief prohibiting the Defendant from unauthorized use of the Traveler® Configuration Mark in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

39. Defendant's willful conduct and reckless indifference toward Plaintiff's rights entitles Plaintiff to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against the Defendant on each Count herein and grant relief as follows:

A. Permanently enjoin and restrain the Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of the Defendant or with Defendant's authority, from:

1. using, selling, offering for sale, marketing, advertising, importing into the United States, or promoting to anyone in the United States, any goods confusingly similar to the product configuration covered by the Traveler Registration® (including the accused products depicted in Exhibits 3), any advertisement associated with such products such as that which is shown as the "Sipper Dome Lid" product in Exhibit 4, and any use of a depiction of a confusingly-similar lid design such as is shown in Exhibits 1 and 2;

2. doing any act that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiff's business, or likely to injure or damage Plaintiff's product configuration trademark rights in its Traveler®

product Configuration Mark or associated goodwill depicted in Exhibits 1 and 2 of the Complaint; and

B.     Require Defendant to recall from the channels of trade in the United States all products, packaging, advertising and promotional material sold or distributed by Defendant (or its affiliates and/or distributors) that embody a product configuration identical or nearly identical to that which is shown in the Traveler® configuration Registration or confusingly similar to Plaintiff's Traveler® Configuration Mark (Exhibits 1 and 2), specifically including all of the Accused Products having an appearance as shown in Exhibit 3 of the Complaint, pursuant to 15 U.S.C. §1116(d);

C.     Require that Defendant discontinue any use of the manufacturing molds used by Defendant to manufacture products having the appearance such as shown in Exhibit 3 of the Complaint, and that such manufacturing molds may not be resold or distributed to others and instead shall be destroyed and/or marketed solely for destruction as scrap metal;

D.     Require that Defendant reimburse Plaintiff for all damages Plaintiff has suffered by reason of Defendant's acts of trademark infringement and unfair competition, account for and pay to Plaintiff all profits derived by reason of such acts, and, based on the willfulness of Defendant's actions and their sale of the counterfeit Traveler® Lid look-alike configuration of the Accused Products, remit to Plaintiff treble damages, profits, or statutory damages (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, and the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505, and at common law;

E. Find that this case of trademark infringement constitutes an exceptional case pursuant to 15 U.S.C. §1117, and award Plaintiff its reasonable attorneys' fees and disbursements incurred in bringing this action;

F. Requiring that the Defendant reimburse Plaintiff for all disbursements and costs incurred in bringing this action;

G. Requiring that the Defendant deliver and destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession or control within the United States depicting or describing a product configuration confusingly similar to that which is covered by the Traveler Registration® and/or the Traveler® product Configuration Mark, including the any documents depicting a lid configuration such as is shown in Exhibit 4, pursuant to 15 U.S.C. §1118; and,

H. Award Plaintiff such other and further relief as this Court deems equitable.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues rightfully triable to a jury.

Dated: <u>August 11, 2016</u>   Respectfully submitted,

               s/ Bradley F. Rademaker, Esq
               Bradley F. Rademaker, Esq.
               Andrea S. Fuelleman, Esq.
               NEAL GERBER & EISENBERG LLP
               2 North LaSalle Street, Suite 1700
               Chicago, Illinois 60602
               Tel: (312) 269-8000
               brademaker@ngelaw.com
               afuelleman@ngelaw.com
               Attorneys for Plaintiff
               SOLO CUP OPERATING CORP.

24872823.2