IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLO CUP OPERATING CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOLLICUP USA, INC., ) <br> ) <br> Defendant. ) | Case No. 16 C 8041 <br><br> Judge Joan H. Lefkow |

## OPINION AND ORDER

Solo Cup Operating Corporation filed suit against Lollicup USA, Inc., alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125(a) and 1114; unfair competition under both the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505; and breach of contract under Illinois common law. (Dkt. 30 at 1.) In response, Lollicup filed a number of counterclaims and affirmative defenses. (Dkt. 33 at 12–21, 40–51.) Solo Cup now moves to dismiss several of the counterclaims and defenses. For the reasons stated below, Solo Cup's motion is granted.[1]

## BACKGROUND[2]

Solo Cup has a registered product configuration mark,[3] Registration No. 3,284,076, for its "Traveler" coffee-cup lid, pictured below.

---

[1] The court's jurisdiction rests on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331. Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(2) and (c)(2).

[2] Unless otherwise noted, the facts described herein are taken from the Answer, Affirmative Defenses, and Counterclaims to the Amended Complaint, (dkt. 33), and its supporting exhibits, (dkt. 33, exs. A–E), and are accepted as true for the purposes of this motion. *See Thompson* v. *Ill. Dept. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted); Fed. R. Civ. P. 10(c).

1



The lid is the subject of design and utility patents that expired in 2001 and 2003, respectively. These two patents were disclosed to the Patent and Trademark Office (PTO) during Solo Cup's trademark registration application process.

Lollicup manufactures, advertises, and sells coffee cup lids under the brand name "Karat." Solo Cup alleges that Lollicup's "Karat" lids infringe its product configuration mark. In response to Solo Cup's complaint, Lollicup filed numerous counterclaims and affirmative defenses. Solo Cup moves to dismiss and strike some of those claims and defenses, including Lollicup's claims that (1) Solo Cup fraudulently procured the trademark registration for the "Traveler" lid configuration in violation of 15 U.S.C. § 1120, rendering it subject to cancellation under 15 U.S.C. §§ 1064 and/or 1119 (counterclaims II, V, and VI and affirmative defenses 3 and 9), (2) Solo Cup's use of its product configuration mark on the "Traveler" lid constitutes false advertising in violation of 15 U.S.C. § 1125(a) (counterclaim VII), and (3) the product

---

[3] A product configuration mark protects distinctive, non-functional product designs. Unlike trademarks protecting words or logos, a product configuration mark protects the appearance of the product itself. "Product configuration mark" is generally synonymous with "trade dress," and the two terms will be used interchangeably in this opinion.

configuration trademark for the "Traveler" lid is invalid and unenforceable due to either unconstitutionality or preemption (counterclaims III and IV and affirmative defenses 4 and 5).

## LEGAL STANDARD

The legal standard applied to a motion to dismiss a counterclaim or strike an affirmative defense is the same as the standard applied in a 12(b)(6) motion to dismiss for failure to state a claim. *See Intercon Sols., Inc.* v. *Basel Action Network*, 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015); *Safe Bed Techs. Co.* v. *KCI USA, Inc.,* No. 02 C 0097, 2003 WL 21183948, at *2 (N.D. Ill. May 20, 2003). To survive such a motion, the non-fraud counterclaims and affirmative defenses must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Lollicup's fraud allegations must be stated with particularity in accordance with Federal Rule of Civil Procedure 9(b). While factual allegations must be accepted as true, legal conclusions will not be considered. *See Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Fraudulent Procurement (Counterclaims II, V,[4] and VI and Affirmative Defenses 3 and 9)

Fraudulent procurement of a trademark registration occurs where the applicant either "withhold[s] from the Patent and Trademark Office . . . material information or fact which, if disclosed to the Office, would have resulted in the disallowance of the registration sought or to be maintained," *Northwestern Corp.* v. *Gabriel Mfg. Co.,* No. 95 C 2004, 1996 WL 732519, at *16 (N.D. Ill. Dec. 18, 1996) (quoting *First Int'l Servs. Corp.* v. *Chuckles, Inc.*, 5 U.S.P.Q.2d

---

[4] In counterclaim V, Lollicup also seeks declaratory relief under 15 U.S.C. § 1119, which grants courts the power to order cancellation of registrations. This request for relief is premised on the same allegations of fraudulent procurement as Lollicup's claims under 15 U.S.C. §§ 1064 and 1120 (counterclaim VI), so the court will not address it separately

1628 (T.T.A.B. 1987)), or makes "a deliberate attempt to mislead the PTO into registering [the] mark by presenting materially false and misleading information to the PTO when . . . seeking the trademark registration." *Specialized Seating, Inc.* v. *Greenwich Indus., L.P.*, 472 F. Supp. 2d 999, 1016 (N.D. Ill. 2007) (citing *Money Store* v. *Harriscorp Finance, Inc.*, 689 F.2d 666, 670 (7th Cir. 1982); *Zip Dee, Inc.* v. *Dometic Corp.*, 900 F. Supp. 1004, 1009 (N.D. Ill. 1995)).[5]

Lollicup alleges that Solo Cup fraudulently procured its product configuration trademark registration by misrepresenting to or misleading the trademark examiner about whether the mark was functional. Lollicup argues that, despite Solo Cup's disclosure to the PTO of the expired patents describing that mark, Solo Cup's written and oral statements made during the trademark application process regarding non-functionality constitute fraud. (*See* Dkt. 33 at 31–35; Dkt. 40-1 at 24–30.[6])

"[I]n general terms, a product feature is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Traffix Devices* v. *Mktg. Displays*, 532 U.S. 23, 32, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001) (internal quotation marks omitted) (citations omitted). The threshold inquiry in the Seventh Circuit is "whether the feature for which trademark protection is sought is something that other producers of the product in question would have to have as part of the product in order to be able to compete effectively in the market." *W.T. Rogers Co.* v. *Keene*, 778 F.2d 334, 346 (7th Cir. 1985). The existence of a utility patent that encompasses the product configuration claimed "is

---

[5] The Lanham Act allows a registered trademark to be cancelled where "its registration was obtained fraudulently." 15 U.S.C. § 1064(3). Additionally, 15 U.S.C. § 1120 creates civil liability for false or fraudulent trademark registration.

[6] Throughout this opinion the page numbers referenced for Dkt. 40-1 are the document page numbers, not the page numbers assigned by CM-ECF.

strong evidence that the features therein claimed are functional," but it is not dispositive on its own. *Traffix*, 532 U.S. at 29.

Functionality is not a fact that can be withheld from the PTO but, rather, a determination the examiner must make when evaluating the mark for registration. *See e.g.*, *Northwestern Corp.*, 1996 WL 732519, at *4. Thus, in order for a party to commit fraud on the PTO with respect to the functionality of a mark, the party must either withhold from the examiner information or facts that are material to the determination of whether the mark is functional—as in *Specialized Seating*, where a trademark applicant failed to disclose material utility patents to the PTO after being requested to do so, 472 F. Supp. 2d at 1004, 1016–19—or present false or misleading information that is material to the functionality determination.

Both parties acknowledge that Solo Cup disclosed the material patents to the PTO during the trademark application prosecution. (*See* Dkt. 36 at 10; Dkt. 40-1 at 26.) Lollicup, however, points to Solo Cup's representations, made in the trademark application, that certain features of its lid were ornamental, and argues they are inconsistent with representations made to the patent examiner about those features' functionality. (*See* Dkt. 33 ¶¶ 35–41.) But as any practitioner before the PTO would likely concede, applications advocate for a result by highlighting facts that are favorable. Where, as here, the trademark examiner was in a position to agree or disagree with the characterizations contained in the application by studying the patent itself, such an argument made by a trademark applicant does not give rise to a reasonable inference of fraudulent intent.[7]

---

[7] Lollicup points to *Costar Realty Info., Inc.* v. *Civix-Ddi, LLC*, 946 F. Supp. 2d 766, 779 (N.D. Ill. 2013) to argue that Solo Cup effectively withheld information contained within the utility patent by pointing out and discussing some portions of the patent but not others. *Costar*, a patent case, is distinguishable, however, because there the PTO had affirmatively requested assistance from the applicant in identifying relevant references. Lollicup alleges no similar request here and, as such, has failed to allege adequate facts to support a reasonable inference that Solo Cup's discussion of some sections of the utility patent caused the examiner to fail to scrutinize the rest of it.

Lollicup also challenges statements made by Steve Smith, Solo Cup's Director of Product Development, in his declaration submitted to the PTO in which he states (a) Solo Cup's lid has the same basic functional characteristics of competing lids and (b) Solo Cup's configuration does not affect the cost of manufacturing the lid to the disadvantage of others in the marketplace. (Dkt. 33 ¶¶ 43, 45.) Lollicup alleges these statements are false and misleading because the patent disclosure represents that the lid was designed "to be manufactured relatively inexpensively so as to be disposable," and the particular configuration was selected to avoid "unacceptable difficulties in molding the lid." (*Id.* ¶ 46.) Since Smith's statements were made under oath, if false, they could have been material to the examiner's decision. But the statements characterize the configuration in broad terms that are not demonstrably false nor directly contrary to the patent disclosure. In any event, as stated, the examiner had the utility patent to read and was free to demand explanation or more information before reaching a conclusion.

Under the pleading standard of Rule 9, Lollicup has failed to allege with sufficient specificity facts that, if proved, would permit an inference of intent to deceive. Accordingly, counterclaims II, V, and VI and strike affirmative defenses 3 and 9 must be dismissed.

## II. False Advertising Under 15 U.S.C. § 1125(a) (Counterclaim VII)

Solo Cup seeks dismissal of Lollicup's claims that Solo Cup engaged in false advertising by marking its product with a fraudulently obtained trademark, which Lollicup argues misleads the public about whether Solo Cup has an exclusive right to sell lids with that configuration. (Dkt. 40-1 at 20.)

To establish a claim of false advertising under the Lanham Act, a plaintiff must prove:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant

6

caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*Hot Wax, Inc.* v. *Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

In addition to literally false statements, a party can run afoul of 15 U.S.C. § 1125(a) if it makes statements that, while literally true, are misleading in context or likely to deceive customers. *See Hot Wax*, 191 F.3d at 820. Numerous courts have noted that the Lanham Act "has created a regime of strict liability with regard to false advertising claims." *Spotless Enters., Inc.* v. *Carlisle Plastics, Inc.*, 56 F. Supp. 2d 274, 278 (E.D.N.Y.1999); *accord Vector Prods., Inc.* v. *Hartford Fire Ins. Co.*, 397 F.3d 1316, 1319 (11th Cir. 2005); *Proctor & Gamble Co.* v. *Chesebrough-Pond's, Inc.*, 747 F.2d 114, 119 (2d Cir. 1984); *Parkway Baking Co. Inc.* v. *Freihofer Baking Co.*, 255 F.2d 641, 648 (3d Cir. 1958); *Brandt Consol., Inc.* v. *Agrimar Corp.*, 801 F. Supp. 164, 174 (C.D. Ill. 1992). Thus, a party's intent, either when procuring a trademark or using it in advertising, is irrelevant to the question of whether it has made a "false statement of fact . . . in a commercial advertisement." The only question is whether the "statement" is true and not misleading at the time it is made.[8] Lollicup does not dispute that Solo Cup owns a registered product configuration mark for its coffee lids. (Dkt. 30, Ex. 1.) Rather, Lollicup is challenging the validity and enforceability of that registered mark. But until such time as the mark is held invalid or unenforceable or is abandoned by Solo Cup, it is both valid and enforceable. Therefore, Solo Cup's use of the ® symbol on its registered lids cannot be a false statement of fact prior to cancellation or abandonment of that mark.

---

[8] For the purposes of this motion the court assumes without deciding that misuse of the statutory registration symbol is a form of false advertising. *But cf. Li'l Red Barn, Inc.* v. *Red Barn System, Inc.*, 322 F. Supp. 98, 111 (N.D. Ind. 1970), *opinion adopted*, 174 U.S.P.Q. 193, 1972 WL 18062 (7th Cir. 1972) ("[W]hether or not a mark is registered is entirely immaterial to the average member of the public.").

7

Neither can such use be misleading to customers when it causes them to believe Solo Cup has an exclusive right to sell lids with that configuration because, so long as the trademark is registered, Solo Cup does have such a right. Even if Lollicup succeeds in obtaining cancellation of the trademark registration, such cancellation would be prospective and would not retroactively render Solo Cup's past use false or misleading.[9] Therefore, since Lollicup has failed to allege a false statement of fact by Solo Cup, its claim of false advertising must fail and the court need not address the remaining elements of a false advertising claim under 15 U.S.C. § 1125. Counterclaim VII must be dismissed.

### III. Unconstitutionality and Preemption Under Federal Patent Law

"The Congress shall have the power . . . [t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. CONST. art. I, § 8, cl. 8. Lollicup argues that, because trademark rights have no statutory durational limits, affording trademark protection to Solo Cup's previously patented coffee lid gives the holder an unlimited monopoly over the invention in violation of the Patent Clause's "limited times" restriction. (Dkt. 40-1 at 4–19.) Similarly, Lollicup argues that the establishment of trademark rights in a previously patented product is preempted by federal patent law in view of the Patent Clause. (*Id.*)

While early Supreme Court cases suggested the existence of a strong constitutional right of the public to copy a product's design upon expiration of a patent, recent precedent has explained that this right is "far from absolute." *Thomas & Betts Corp.* v. *Panduit Corp.*, 138 F.3d

---

[9] The patent cases Lollicup relies on in lieu of trademark precedent are in accord. *See M-3 Assocs., Inc.* v. *Cargo Systems, Inc.*, No, 99 C 547, 2004 WL 834690 (N.D. Ind. Mar. 18, 2004); *Chrisha Creations Ltd.* v. *Gemmy Indus. Corp.*, No. 03 C 8937 (S.D.N.Y. Nov. 1, 2004), *vacated*, *Gemmy Indus. Corp.* v. *Chrisha Creations Ltd.*, 452 F.3d 1353, 1360 (Fed. Cir. 2006). The court in *M-3* held that the defendant could be liable for false marking and false advertising where it marked its product with a patent that had *previously* been found to be invalid on the basis of prior art. Likewise, the court in *Chrisha* granted a preliminary injunction barring a patentee from continuing to mark its products with a patent the court had recently held to be invalid.

277, 287 (7th Cir. 1998) (citing *Compco Corp.* v. *Day–Brite Lighting, Inc.,* 376 U.S. 234, 237–38, 84 S. Ct. 779, 11 L. Ed. 2d 669 (1964)); *see also Kohler Co.* v. *Moen, Inc.,* 12 F.3d 632, 640 (7th Cir. 1993) (holding that federal patent law does not preclude federal trademark protection of designs).

In *Thomas & Betts*, the Seventh Circuit decided the very issue now raised by Lollicup: "[C]an a product configuration that is disclosed in an expired utility patent be protected as a trade dress under the Lanham Act?" 138 F.3d at 283. The court answered this question affirmatively, holding that "[t]here is no per se prohibition against features disclosed in a patent receiving trademark protection after the patent has expired." *Id.* at 288 (citing 1 J. Thomas McCarthy, McCarthy on Trademarks § 6.12 (4th ed. 1996)). In so holding, the court noted that the policy concerns underlying the patent clause's "limited times" requirement are effectively dispelled by application of the functionality doctrine:

> The safeguard against an impermissible extension of a patent monopoly by a trademark, as noted above, is the functionality doctrine: a configuration of an article cannot receive trademark registration if its purpose is to contribute functional advantages to the article or if the configuration results from functional considerations.

*Id.* at 288 (citing *Best Lock Corp.* v. *Schlage Lock Co.*, 413 F. 2d 1195, 1199 (C.C.P.A. 1969)).

Prevailing case law thus forecloses Lollicup's arguments that trade dress protection for a formerly patented product configuration is precluded by the Patent Clause and/or preempted by the Patent Act. Therefore, counterclaims III and IV must be dismissed and affirmative defenses 4 and 5 must be stricken.

## CONCLUSION

For the foregoing reasons, Solo Cup's motion to dismiss counterclaims II, V, and VI and to strike affirmative defenses 3 and 9 is granted without prejudice; and Solo Cup's motion to

9

dismiss counterclaims III, IV, and VII and to strike affirmative defenses 4 and 5 is granted with prejudice.

Date: May 17, 2017

_____
U.S. District Judge Joan H. Lefkow